IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Jimmy Dalton, #329139 | ) |
| | ) Civil Action No. 8:09-260-CMC-BHH |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Jon Ozmint; David Tartarsky; | ) |
| John Davis; Geri Miro; | ) |
| Robert Ward; Daniel Murphy; | ) |
| and Glen Franz, | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief alleging claims of medical malpractice and negligence. This matter is before the Court on the defendants' amended motion to dismiss (Dkt. # 22) and the plaintiff's motion to amend (Dkt.# 34).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on January 26, 2009, seeking damages for alleged medical malpractice and negligence.[1] On March 30, 2009, the defendants filed an

---

[1]This date reflects that the petition was date stamped as having been received on January 26, 2009, at the Ridgeland Correction Institution mailroom. (Compl. Attach.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

amended motion to dismiss. On March 31, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 2, 2009, the plaintiff filed a response opposing the defendants' motion to dismiss and a motion to amend his complaint.

## I. **FACTS PRESENTED**

The plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") currently housed in the Ridgeland Correctional Institution ("RCI"). The plaintiff alleges claims of negligence and medical malpractice in regard to dental care against the defendants. (*See* Compl. generally.)

In his complaint, the plaintiff alleges that he had a bad tooth and saw medical personnel about it sometime in August 2008. (Compl. at 3.) He states he was given Ibuprofen for pain and he had an allergic reaction and medical personnel refused to see him. *Id.* He further alleges he had another allergic reaction on September 9th when the dentist extracted a tooth. *Id.* He stated that he told the dentist about his prior allergic reaction to Ibuprofen and an allergy to aspirin, but the dentist still gave him Ibuprofen. (Compl. at 3-4.) He alleges he had an allergic reaction on September 12th and although medical personnel were called, he alleges medical personnel refused to see him. (Compl. at 4.)

In his complaint, the plaintiff did not state what relief he was seeking. (Compl. at 5.) The "relief " section of the complaint was left blank. *Id.*

2

## II. APPLICABLE LAW

**MOTION TO DISMISS STANDARD**

Pursuant to Rule 12(b)(6) a motion to dismiss may be granted when, construing allegations in light most favorable to plaintiff and assuming facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985). While the court must construe factual allegations in the nonmoving party's favor and treat them as true, the court need not treat the complaint's legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir.1994); *Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir.1996) (in 12(b)(6) analysis, court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted).

## III. DISCUSSION

As set forth above, in his complaint, the plaintiff specifically alleges claims of negligence and medical malpractice. (Compl. at 2.) The defendants have moved for

3

dismissal and contend that the plaintiff has failed to state a cause of action under § 1983. The undersigned agrees.

To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. 42 U.S.C. § 1983. Negligence and medical malpractice are not constitutional violations and do not state a claim under § 1983. The complaint in this case should be dismissed for failure to state a claim upon which relief may be granted.

Even liberally construing the complaint as alleging a civil rights violation for the denial of medical care, the claims also fail. The plaintiff has failed to plead any damages in his complaint and in his answer to the Court's special interrogatory, the plaintiff stated that he is "wanting to sue [the defendants] for pain and suffering." The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. §1997e. The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997) (concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); *see also Zehner v. Trigg,* 952 F.Supp. 1318 (S.D.Ind.1997) (exposure to asbestos not

physical injury necessary to support claim for mental or emotional injury under the PLRA). As the plaintiff has not alleged any injury, his claims should be dismissed.

**State Law Claims**

To the extent that the plaintiff states any claims under state law (i.e negligence and medical malpractice claims under the South Carolina Torts Claim Act), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set forth above. *See* 28 U.S.C. § 1367(c).

**Plaintiff's Motion to Amend**

The plaintiff filed a motion to amend his complaint in response to the defendants' motion to dismiss. The defendants oppose this motion. (DKt. # 39.) In his amended complaint, the plaintiff sets out four claims: 1) Medical Indifference; 2) Assault and Battery; 3) Medical Indifference; and 4) Negligence and Assault and Battery. (Am. Compl. 1-3.) He does not allege any injury except under the Negligence and Assault and Battery claim where he alleges that he suffered bodily injury for seven days and he also states he currently suffers lung pain because of the defendants' failure to treat him for the allergic reaction. (Compl. at 3.) Furthermore, other than in the caption, the plaintiff fails to refer to any of the named defendants in the body of the complaint. However, he does refer to a Jane and John Doe. (Compl. at 1-2.)

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Upholding the letter and the spirit of this rule, "leave to

5

amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999) (internal citations omitted). A court may deny a party's motion to amend if allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir.2005) (holding "[l]eave to amend need not be given when amendment would be futile."). The undersigned concludes that granting the plaintiff's motion would be futile.

Even assuming that in his amended complaint, the plaintiff has sufficiently alleged an injury in regard to his medical indifference claim, the plaintiff's claims of medical indifference would still fail. In order to state a cognizable claim for the denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Disagreements between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment are not cognizable constitutional claims under the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Estelle*, 429 U.S. at 105-06. Claims of medical judgment are not subject to judicial review. *Russell v. Sheffer*, 528 F.2d 318, 318-19 (4th Cir. 1975).

In his proposed amended complaint, the plaintiff raises two deliberate indifference claims. Under Claim One, the plaintiff states he requested to see medical personnel following his allergic reaction and medical refused to see him that night, but did see him the next morning. (Am. Compl. at 1-2.) Then, under Claim Three, the plaintiff alleges he saw a dentist who prescribed Ibuprofen and he had another allergic reaction. (Am. Compl. at 3.) The plaintiff's proposed amended complaint is insufficient and fails to allege claim under § 1983.

First, the undersigned notes that the plaintiff's proposed amended complaint fails to identify any specific person acting under color of state law who allegedly violated his civil rights. *See Bolden v. Mandel,* 385 F.Supp. 761, 763 (D.Md.1974) ("42 U.S.C. § 1983 authorizes the recovery of damages from an individual defendant for the unjustifiable violation of the constitutional rights of the plaintiff under color of state law."); *Burns v. Med. Staff at Manning Corr. Inst.*, 2007 WL 4292781, at *1 (D.S.C. 2007) (unpublished) (noting that the "Medical Staff at Manning Correctional Institution" is not a person under § 1983). In fact, in the body of the amended complaint, the plaintiff does not even refer to any of the named defendants at all.[2]

Second, the undersigned notes that in his amended complaint the plaintiff has not set forth any allegations which would support a medical indifference claim against the

---

[2]Additionally, the undersigned notes the plaintiff has not named or served as a defendant any Jane or John Does and the plaintiff fails to provide any identifying information such as the date and time of the alleged constitutional violations by these individuals in the RCI.

defendants who are non-medical or supervisory personnel.  The Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct.  *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990).  There are no allegations that any non-medical personnel interfered with the plaintiff's medical treatment.

Third, to the extent the plaintiff relies on the doctrine of supervisory liability against some of the defendants, the plaintiff has failed to make any showing of supervisory liability. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dept. of Social Svs.*, 436 U.S. 658, 691-92 (1978). To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury.  *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Thus, in the context of a medical or dental indifference claim, supervisory liability

may only be shown where the official failed to promptly provide a prisoner with necessary medical care, deliberately interfered with a prison dentist's performance, or was indifferent to a prison dentist's constitutional violation. *Miltier*, 896 F.2d 848 at 854. There are no allegations which would support a claim of medical indifference based upon supervisory liability against any of the supervisory defendants.

Finally, to the extent the plaintiff is complaining that any of the defendants failed to comply with the SCDC policy (Am. Compl. ¶ 5), such a claim fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation. *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992) (holding violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). *See also Riccio v. County of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Accordingly, the plaintiff's motion to amend his complaint should be denied.

## **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the Defendants' Motion to Dismiss (Dk. # 22) be GRANTED and the Plaintiff's Motion to Amend (Dkt. # 34) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
                                                                United States Magistrate Judge

July 23, 2009
Greenville, South Carolina




**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).